**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM BICKOM,  )
　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　)　　2: 10-cv-0328-PMP-GWF
　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　**ORDER**
DWIGHT NEVEN, *et al.,*　　　　)
　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　)
_____/

　　　　This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' Motion to Dismiss (ECF No. 8) and petitioner's Opposition (ECF No. 9). Respondents argue that grounds 4, 5, 7, 9 and 11 were not exhausted in state court.

**I.　　Procedural Background**

　　　　In mid-2000, petitioner was charged with co-defendant Lisa Gill, on a Grand Jury Indictment, with one count of Trafficking in a Controlled Substance and one count of Manufacturing a Controlled Substance. Exhibit 4.[1]

**II.　　Discussion**

　　　　A.　　Exhaustion

　　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

---

[1] The exhibits referenced in this Order were presented by respondents in support of the Motion to Dismiss unless otherwise identified.

1  opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501
2  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v.*
3  *Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

4        A petitioner can satisfy the exhaustion requirement by providing the highest state court with
5  a full and fair opportunity to consider each claim before presenting it to the federal court.  *Picard v.*
6  *Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal
7  court will find that the highest state court was given a full and fair opportunity to hear a claim if the
8  petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v.*
9  *Henry*, 513 U.S. 364, 365  (1995) (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (factual
10  basis). Additionally, the petitioner must have specifically told the state court that he was raising a
11  federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th
12  Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process
13  rights "he must say so, not only in federal court but in state court."  *Duncan*, 513 U.S. at 366.  A
14  general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a
15  federal claim to a state court.  *See*, *Anderson v. Harless*, 459 U.S. 4, 7(1982) (Exhaustion
16  requirement not satisfied circumstance that the "due process ramifications" of an argument might be
17  "self-evident."); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas
18  corpus must include reference to a specific federal constitutional guarantee, as well as a statement of
19  the facts which entitle the petitioner to relief.").

20        B.    <u>Ground 4</u>

21        Respondents argue that ground 4 is unexhausted because petitioner failed to make mention of
22  the federal due process claim raised before this Court.  Ground 4 contends that petitioner's rights to
23  due process, confrontation and cross-examination guaranteed by the Fifth, Sixth and Fourteenth
24  Amendments were violated by the trial court's failure to grant the motion to sever.
25  / / /
26  / / /

1  In state court, petitioner alleged the district court erred in failing to grant the motion to sever, relying

2  solely upon citation to state case law and statute in his opening brief.  However, in his reply brief,

3  petitioner states:

4  > Defendants have a due process right to be convicted only upon admissible
   > evidence, not simply a Sixth Amendment right to confront witnesses.
5  > *Toolate v. Borg,* 828 F.2d 571 [n.2] (9th Cir. 1987) Appellant was denied
   > that right.
6

7  Exhibit 13(N).  Having made a specific reference to due process rights and citation to a federal case

8  discussing that right, this claim for a due process violation was fairly presented to the Nevada

9  Supreme Court and is exhausted.

10           C.      Ground 5

11      In ground 5, petitioner claims there was insufficient evidence to convict him of trafficking or

12  manufacturing or compounding a controlled substances, violating his right to due process guaranteed

13  by the Fifth, Sixth and Fourteenth Amendments.

14      Respondents argue this claim is unexhausted because petitioner raised his claim of

15  insufficient evidence solely as a state law claim in state court.  Respondents note that petitioner cited

16  a single state law case to support his claim on direct appeal - *Lay v. State,* 110 Nev. 189, 886 P.2d

17  448 (1994).  The reply brief and the order of the Nevada Supreme Court are also vacant of any

18  reference to federal due process, federal case law or any reference that could suggest a federal due

19  process claim.

20      Petitioner argues that the claim was presented as a federal due process claim because *Lay*

21  cites to *Guy v. State,* 108 Nev. 770, 839 P.2d 578 (Nev. 1992), which provides the legal standard for

22  sufficiency of the evidence claims in Nevada and that standard is "identical" to the standard in

23  *Jackson v. Virginia,* 442 U.S. 307 (1979).As previously noted, "if a petitioner wishes to claim that

24  the trial court violated his due process rights "he must say so, not only in federal court but in state

25  court."  *Duncan*, 513 U.S. at 366. This Court need not chase down a rabbit hole looking for the

26  white rabbit signifying a federal claim.  Even *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.

3

2003) requires that the state case law cited analyze a federal constitutional issue. *Lay* does not provide that direct analysis. Ground 5 is unexhausted.

D.      Ground 7

In ground 7, petitioner alleges the prosecutors engaged in prosecutorial misconduct, denying petitioner his rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments.

Respondents argue petitioner failed to present the federal claim to the Nevada Supreme Court.  Petitioner argues to the contrary, contending that his citation to *Whitney v. State,* 112 Nev. 499, 23 P.2d 881 (1996) was sufficient to exhaust the federal claim because *Whitney* cites to *Mullaney v. Wilbur*, 421 U.S. 684 (1975) and *In re Winship,* 397 U.S. 358 (1970) "for the proposition that it is improper for a prosecutor to improperly shift the burden of proof to the defense." Opposition, p.8.  Petitioner further notes the Nevada Supreme Court's order of affirmance recognized the due process claim, guoting *Greene v. State,* 113 Nev. 157, 169-70, 931 P.2d 54, 62 (1997)("the relevant inquiry is whether the prosecutor's statement so infected the proceedings with unfairness as to make the results a denial of due process.")  Exhibit 13(O), n.12.

The Nevada Supreme Court's citation of *Greene,* referenced the federal standard for prosecutorial misconduct by citing *Darden v. Wainwright,* 477 .S. 168, 181 (1986).  Clearly, the court recognized the federal constitutional nature of the claim.  It is exhausted.

E.      Ground 9

Ground 9 claims that police officers were improperly permitted to testify as experts, violating petitioners rights to due process under the Fifth, Sixth and Fourteenth Amendments, because "the problem with permitting police officers to testify as experts is that their testimony often does not comply with due process requirements of reliability and relevance."

Respondents argue petitioner did not properly federalize this claim when it was presented to the state courts.  Petitioner counters that the use of the term "substantial rights" in arguing for review of the un-preserved claim is the same as making clear his claim raised issues affecting fundamental

4

constitutional rights. The Court does not agree.

Petitioner is responsible for making the legal and factual nature of his claims clear in both the state and federal courts. His briefs and the order of the Nevada Supreme Court are void of any reference to federal due process. Ground 9 is not exhausted.

E.   Ground 11

Petitioner claims his due process rights guaranteed by the Fifth, Sixth and Fourteenth Amendments were violated when the trial judge, "who was the district attorney who filed the charges against him," was permitted to preside over the trial.

In state court, petitioner argued "The district court judge should not have presided over the case," citing Nevada Revised Statutes (NRS) 1.230 for grounds to disqualify a judge. The claim presents no other case law or statutory citations. In his reply brief, petitioner cites the Nevada Code of Judicial Conduct (NCJC) and *Turner v. State,* 114 Nev 682, 962 P. 1223 (1998) which holds that "recusal is mandatory in cases where the district court judge, prior to taking the bench, acted as an attorney in the case." Finally, the Nevada Supreme Court in its order of affirmance noted: "we conclude that recusal was not mandatory merely because the indictment was filed under Bell's name," making no mention of federal law and citing nothing from which the Court can draw any inference that a federal constitutional claim is being presented or considered. Ground 11 is unexhausted.

**III.   Conclusion**

Grounds 5, 9, and 11 of the instant federal petition were never presented as federal claims to the Nevada Supreme Court. As such, they are unexhausted. Grounds 4 and 7 were fairly presented to the Nevada Supreme Court and are exhausted. Therefore, the motion to dismiss shall be granted in part and denied in part. Any desire for stay and abeyance of the petition in order to exhaust the unexhausted grounds must be made by separate motion.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART.**

1    **IT IS FURTHER ORDERED THAT GROUNDS 5, 9 AND 11** of the Petition are
2 **DISMISSED.**  Should petitioner wish to pursue a stay, he should file an appropriate motion within
3 thirty (30) days.
4    **IT IS FURTHER ORDERED** that if no motion for stay and abeyance if filed, respondents
5 shall file their Answer to the remaining claims within sixty (60) days from entry of this Order.  Is
6 such motion is made, the Answer shall not be filed until further order of the Court.

8 DATED:  February 15, 2011.

_____
PHILIP M. PRO
United States District Judge